IN THE UNITED STATES BANKRUPTCY COURT
FOR WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANIMO BANCOPR, INC., | § | CASE NO. 24-50359-CAG |
| | § | |
| Debtor. | § | CHAPTER 7 |
| JOHN PATRICK LOWE, CHAPTER 7 | § | |
| TRUSTEE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Pro. No. 24-____ |
| | § | |
| FIELD MANNING STONE AYCOCK, PC, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

John Patrick Lowe, the duly appointed Chapter 7 Trustee (the "Trustee") for Animo Bancorp, Inc. (the "Debtor"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Field Manning Stone Aycock, PC (the "Defendant"), and to disallow any claims held by Defendant. In support of this Complaint, the Trustee alleges that:

**NATURE OF CASE**

1. The Trustee seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of Animo Bancorp, Inc. ("Debtor") pursuant to §§ 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. In addition, the Trustee seeks to disallow, pursuant to § 502(d) and (j) of the Bankruptcy Code, any claim (including the Proof of Claim) that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant. The Trustee does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in § 502(a) through (j) of the Bankruptcy Code.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this adversary proceeding, which arises in and under title 11, and relates to cases filed under title 11 and pending in the United States Bankruptcy Court for the Western District of Texas (the "Court"), captioned *In re Animo Bancorp, Inc.*, Case No. 24-50359-cag, pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are §§ 502, 547, and 550 of the Bankruptcy Code, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders for matters contained herein.

6. Venue is proper pursuant to 28 U.S.C. § 1409.

**PROCEDURAL BACKGROUND**

7. On March 5, 2024 (the "Petition Date"), the Debtor commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code.

8. Trustee is the duly appointed and serving chapter 7 trustee.

**THE PARTIES**

9. The Trustee has the capacity, in his own right and name, to prosecute, collect, compromise, and/or settle causes of action, including the instant action.

10. Upon information and belief, Defendant was, at all relevant times, a creditor that provided services to or for the benefit of the Debtor. Upon further information and belief, at all relevant times, the Defendant is a corporation who may be served through its registered agent Dax D. Voss, 2112 Indiana Ave., Lubbock, TX 79410.

**FACTUAL BACKGROUND**

11. As of the Petition Date, the Debtor was involved in ongoing state court litigation. Defendant was legal counsel to Debtor in that litigation.

12. During the ninety (90) days before the Petition Date (the "Preference Period"), the Debtor continued in control of its bank account at Frost Bank (the "Debtor Bank Account").

13. Upon information and belief, during the course of their relationship, the Defendant and Debtor entered into agreements (the "Agreement") for Defendant to provide Debtor with legal services. Upon further information and belief, one of the named partners of Defendant is a long-time friend of Debtor's principal, Toby Neugebauer.

14. Defendant conducted business with Debtor through the Agreement. Debtor received legal services from Defendant.

15. The Trustee has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest of the Debtor's property made by Debtor to Defendant within the Preference Period. The Trustee has performed his own due diligence with respect to the causes of action the subject of the Complaint, including evaluation of the reasonably knowable affirmative defenses available to the Defendant.

16. Debtor made transfer of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payment aggregating to an amount not less than

$85,000.00 (the "Transfer"). The details of the Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Wire Transfer No." "Amount", and "Date."

17. Based upon the Trustee's review of the available information, the Trustee has determined that the Trustee may avoid some or all of the Transfer, even after taking in account the reasonably knowable affirmative defenses available to the Defendant. Among other things, the Trustee sent two demand letters to Defendant requesting that Defendant either provide an explanation of any potential defenses or return the Transfer. Defendant failed to provide an explanation of any potential defenses or return the Transfer.

18. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is the Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. The Trustee reserves his right to further amend this Complaint to include: (i) further information regarding the Transfer, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, and/or (iv) additional defendants, including any immediate and/or mediate transferees (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the originally filed complaint.

**CAUSES OF ACTION**

**COUNT 1**

**(Avoidance of Preference Period Transfer – 11 U.S.C. § 547)**

19. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

20. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtor made the Transfer to or for the benefit of Defendant in an aggregate amount not less than $85,000.00.

21. The Transfer was made from the bank account described supra, and constituted transfer of an interest in property of the Debtor as identified on Exhibit A.

22. Defendant was a creditor at the time of the Transfer by virtue of supplying the Debtor services identified in this Complaint, including but not limited to those services identified herein, all as more fully set forth on Exhibit A hereto, for which the Debtor was obligated to pay following delivery in accordance with the Agreement.

23. The Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendant.

24. The Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfer was made, as asserted by Defendant, including invoices which comprise the Agreement, which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor as set forth on Exhibit A hereto.

25. The Transfer was made while the Debtor was insolvent.

26. The Trustee is entitled to the presumption of insolvency for the Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

27. The Transfer was made during the Preference Period, as set forth on Exhibit A.

28. As a result of the Transfer, Defendant received more than Defendant would have received if: (i) the Debtor's case were under chapter 7 of the Bankruptcy Code; (ii) the Transfer

had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estates. To wit, there are currently no funds in the bankruptcy estate and creditors stand to receive no payment on their claims.

29. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

30. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

31. The Trustee is entitled to avoid the Transfer pursuant to 11 U.S.C. § 547(b) (the "Avoidable Transfer").

32. Defendant was the initial transferee of the Avoidable Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer was made.

33. Pursuant to 11 U.S.C.§ 550(a), the Trustee is entitled to recover from Defendant the Avoidable Transfer, plus interest thereon to the date of payment and the costs of this action.

**COUNT III**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

34. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

35. The Defendant is a transferee of a transfer avoidable under §§ 547 of the Bankruptcy Code, which property is recoverable under § 550 of the Bankruptcy Code. The

Defendant has not paid the amount of the Avoidable Transfer, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

36. Pursuant to 11 U.S.C. § 502(d), any and all claims (the "Claims") of the Defendant and/or its assignee, against the Debtor's bankruptcy estate must be disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of the Avoidable Transfer, plus interest thereon and costs.

37. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's bankruptcy estate or the Trustee previously allowed by the Debtor or by the Trustee, must be reconsidered and disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of the Avoidable Transfer.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED the Trustee requests that this Court grant him the following relief against Defendant:

As to Counts I through III, that the Court enter a judgment against Defendant:

(a) That the Avoidable Transfer in the amount of $85,000.00 is avoidable under 11 U.S.C. §§ 547 and therefore shall be avoided;

(b) That the Avoidable Transfer avoided pursuant to 11 U.S.C. §§ 547 be recovered by Trustee pursuant to 11 U.S.C. § 550;

(c) Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

(d) Disallowing, in accordance with 11 U.S.C. § 502(j), any claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

(e) Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of the judgment herein;

(f) Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus fees, costs, and expenses;

(g) Requiring Defendant to pay forthwith the judgment amount awarded in favor of Trustee; and

(h) Granting Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted,

By:*/s/ John Patrick Lowe*
John Patrick Lowe, Chapter 7 Trustee

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com
By:/s/ *Brian T. Cumings*
Brian T. Cumings
**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served by the Court's ECF e-filing notification on all parties receiving such notices on May 17, 2024, and as reflected below.

Office of the United States Trustee
615 E. Houston St., Suite 533
San Antonio, TX 78295-1601

Animo Bancorp, Inc.
10777 Strait Lane
Dallas, TX 75229
*Debtor*

Field Manning Stone Aycock, PC
2112 Indiana Ave.
Lubbock, TX 79410

John Patrick Lowe, Chapter 7 Trustee
2402 East Main Street
Uvalde, TX 78801

Douglas J. Powell
Law Offices of Douglas J. Powell
1PO Box 340686
Lakeway, TX 78734
*Debtors' Counsel*

By:*/s/ Brian T. Cumings*
Brian T. Cumings

## EXHIBIT A

| Date | Amount | Debtor Transferor | Wire Transfer No. | |
|---|---|---|---|---|
| 03/01/2024 | $85,000.00 | Animo Bancorp, Inc. | 07899 | |