**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 24-50359-cag** |
| **ANIMO BANCORP, INC.,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**MOTION FOR ENTRY OF AN ORDER APPROVING COMPROMISE**
**PURSUANT TO RULE 9019**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW John Patrick Lowe, Trustee ("Trustee"), the duly appointed and acting Chapter 7 trustee in the above-captioned bankruptcy case, and hereby files his motion ("Motion") for entry of an order approving the compromise set forth in this Motion by and between the Trustee on the one hand and on the other hand Field Manning Stone Aycock, PC ("Field Manning"; together with the Trustee, the "Parties"). In support of the Motion, the Trustee respectfully represent as follows:

## I. SUMMARY

1. The Trustee has filed an adversary complaint against Field Manning seeking to recover an allegedly avoidable transfer made to Field Manning in the amount of $85,000.00. By this Motion, the Trustee seeks approval of a settlement that would resolve the pending adversary proceeding by Field Manning paying the Trustee $65,000.00 and receiving an allowed, nonpriority

unsecured claim for the same amount.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 157 and 1334. It is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A) and (B). Venue is proper is this District, Division and before this Court. The Motion itself is grounded in 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019.

## III. RELEVANT BACKGROUND FACTS

1. This case was filed on March 5, 2024 (the "Petition Date") under Chapter 7 of title 11 of the United States Code. The Trustee is the duly appointed and serving Chapter 7 trustee.

2. On March 1, 2024, Field Manning received a payment of $85,000.00 (the "Transfer") from Debtor on account of legal services provided to Debtor by Field Manning.

3. The Trustee initiated Adversary Proceeding No. 24-05019-cag (the "Adversary Proceeding") seeking to avoid and recover from Field Manning the Transfer pursuant to 11 U.S.C. §§ 547 and 550.

4. Field Manning asserted several affirmative defenses under 11 U.S.C. § 547, including ordinary course.

5. The Trustee has engaged in negotiations with Field Manning, and in particular is mindful of the fact that the American Rule is expected to apply with respect to the Adversary Proceeding. The result of those negotiations is an offer from Field Manning that will result in Field Manning paying the bankruptcy estate (the "Estate") $65,000.00 and receiving an allowed, nonpriority, unsecured claim in that same amount. A true and correct copy of the proposed settlement agreement (the "Settlement Agreement") is attached hereto as **Exhibit 1**.

## IV. RELIEF REQUESTED AND BASIS THEREFOR

3. By this Motion, the Trustee requests entry of an order approving the Settlement Agreement set forth above pursuant to Bankruptcy Rule 9019.

4. Bankruptcy Rule 9019 provides, in pertinent part, that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. In approving compromises, courts rely on debtor's authority to dispose of estate property under section 363(b) of the Bankruptcy Code. *In re Quality Beverage Co., Inc.*, 181 B.R. 887, 895 (Bankr. S.D. Tex. 1995). "Approval should only be given if the [compromise] is fair and equitable and in the best interest of the estate." *In re Cajun Electric Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (internal quotations omitted).

5. In deciding whether a compromise is "fair and equitable," the Court must ensure that (i) senior interests are entitled to full priority over junior interests; and (ii) the compromise is reasonable in relation to the likely rewards of litigation. *Cajun Electric*, 119 F.3d at 355; *Matter of Jackson Brewing Co.*, 624 F.2d 599, 600 (5th Cir. 1980). The factors to be reviewed by the Court in determining whether or not to approve a compromise are:

(a) the probability of success in the litigation, with due consideration for the uncertainty in fact and law;

(b) the complexity and likely duration of the litigation and any attendant expenses, inconvenience and delay; and

(c) all other factors bearing on the wisdom of the compromise. *Cajun Electric*, 119 F.3d at 356.

6. The Court should also consider the best interest of the creditors, with proper deference to their reasonable views, and the extent to which the compromise is truly the product of arms-length bargaining. *In re Foster Mortgage Corp.*, 68 F.3d 914, 917-18 (5th Cir. 1996).

7. It is unnecessary for the Court to conduct a mini-trial before approving a compromise. *Cajun Electric.*, 119 F.3d at 356. The Court need only make itself aware of relevant facts and law so that it may make an informed and intelligent decision. *Id*. "The [compromise] need not result in the best possible outcome for the debtor, but must not fall beneath the lowest point in the range of reasonableness." *In re Idearc Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009), *aff'd sub nom. In re Idearc, Inc.*, 662 F.3d 315 (5th Cir. 2011).

8. Approval of the compromise embodied in the Settlement Agreement, which is a product of arm's-length bargaining between the Trustee and Field Manning is fair and equitable and in the best interest of the Estate, and the relevant factors weigh in favor of approving the Settlement Agreement. In particular, the Settlement Agreement allows for the Estate to generate a meaningful pro rata return to creditors without incurring the cost and risk of having to litigate issues for which the Estate does not anticipate recovering its attorney's fees and costs.

9. The Settlement Agreement is in the best interests of the Estate because it establishes a course of action under which maximizes the potential return to creditors.

10. Based on the foregoing, the Trustee submits that the Settlement Agreement should be approved.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Order, uploaded herewith, (i) granting the relief sought herein, and (ii) granting such other relief as the Court may deem proper.

Respectfully submitted,

[SIGNATURE BLOCK ON FOLLOWING PAGE]

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
bcumings@gdhm.com
By:/s/ *Brian T. Cumings*
Brian T. Cumings
SBN 24082882
**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion has been served by the Court's ECF e-filing notification on all parties receiving such notices on September 18, 2024, as reflected below, and to those on the Service List appended to this Motion.

Office of the United States Trustee
615 E. Houston St., Suite 533
San Antonio, TX 78295-1601

John Patrick Lowe, Chapter 7 Trustee
2402 East Main Street
Uvalde, TX 78801

Animo Bancorp, Inc.
10777 Strait Lane
Dallas, TX 75229
*Debtor*

Douglas J. Powell
Law Offices of Douglas J. Powell
1PO Box 340686
Lakeway, TX 78734
*Debtors' Counsel*

Field Manning Stone Aycock, PC
2112 Indiana Ave.
Lubbock, TX 79410

By:*/s/ Brian T. Cumings*
Brian T. Cumings