# SETTLEMENT AGREEMENT

This agreement (this "Agreement") is entered into on September 9, 2024 (the "Execution Date") by and between (i) Field Manning Stone Aycock, PC ("Field Manning"), and (ii) John Patrick Lowe in his capacity as the duly appointed chapter 7 trustee (the "Trustee," together with Field Manning, the "Parties") in Adversary Proceeding No. 24-05019-cag, under Case No. 24-50359-cag, United States Bankruptcy Court for the Western District of Texas, San Antonio Division, involving the bankruptcy estate (the "Estate") of Animo Bancorp, Inc. ("Debtor").

## RECITALS

WHEREAS, on March 5, 2024 (the "Petition Date"), Debtor filed a petition for relief under chapter 7 of title 11 of the United States Code.

WHEREAS, on March 1, 2024, Field Manning received a payment of $85,000.00 (the "Transfer") from Debtor on account of legal services provided to Debtor by Field Manning.

WHEREAS, the Trustee has initiated Adversary Proceeding No. 24-05019-cag (the "Adversary Proceeding") seeking to avoid and recover from Field Manning the Transfer.

WHEREAS, Field Manning has asserted affirmative defenses in the Adversary Proceeding.

WHEREAS the Parties have engaged in arm's length negotiations.

NOW, THEREFORE, to avoid the cost and uncertainty of further litigation or other contested proceedings, the Parties enter into this Agreement to resolve all disputes that exist or could have existed between them:

## AGREEMENT

1. Bankruptcy Approval. The terms of this Agreement shall be binding on Field Manning as of the Execution Date. The terms of this Agreement shall be binding on Trustee upon the date (the "Effective Date") of that an order (the "Settlement Order") by the Bankruptcy Court approving this Agreement becomes final and non-appealable.

2. Payment. Field Manning agrees to cause payment to be made to the Trustee in the amount of $65,000.00 (the "Payment") within ten business days of the entry of an order approving this Agreement.

3. Allowed Claim. Upon making the Payment, Field Manning shall be entitled to an allowed, nonpriority, unsecured claim against the Estate in the amount of $65,000.00 (the "Allowed Claim").

4. Releases.

a. Upon approval of this Agreement by the Bankruptcy Court, and except for the obligations set forth in this Agreement, which are expressly preserved, the Trustee, on behalf of and in his capacity as a representative of the Estate, shall release and forever discharge Field

Manning from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind.

b. Upon approval of this Agreement by the Bankruptcy Court, and except for the Allowed Claim, Field Manning shall not be entitled to any other claim(s) or rights in the Estate.

5. Reservation of Rights. The Parties reserve the right to enforce the Settlement Order.

6. Execution and Counterparts. This Agreement may be executed in any number of counterparts and by different parties in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement. Signature pages may be detached from multiple separate counterparts and attached to a single counterpart. Delivery of an executed signature page of this Agreement by email transmission shall be as effective as delivery of a manually executed counterpart thereof.

IN WITNESS WHEREOF, the undersigned have executed this instrument as of the date first set forth above.

**John Patrick Lowe, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Animo Bancorp, Inc.**

By: ______________________________

Name: John Patrick Lowe

**Field Manning Stone Aycock, PC**

By: [signature]

Name: J. PAUL MANNING

Title: Shareholder