**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 24-50359-cag** |
| **ANIMO BANCORP, INC.,** | § | |
| | § | **Chapter 7** |
| | § | |
| **Debtor.** | § | |

**FIRST INTERIM APPLICATION OF GRAVES DOUGHERTY HEARON & MOODY, PC, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT FOR EXPENSES INCURRED**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Graves Dougherty Hearon & Moody, PC ("Graves Dougherty"), Counsel to John Patrick Lowe, chapter 7 trustee (the "Trustee") of the estate of Animo Bancorp, Inc., (the "Estate"), and submits this its *First Interim Application for Allowance of Compensation for Services Rendered and Reimbursement for Expenses Incurred* (the "Application") and requests interim approval of total fees earned in the amount of $24,320.00 and expenses incurred in the amount of $471.84, totaling $24,791.84. As detailed herein and summarized in the Fee Application Summary attached hereto as **Exhibit 3**, Graves Dougherty has expended a total of 55.2 hours, at an average hourly rate of $440.58 in performing services as Counsel to the Trustee.

**I. Narrative Summary**

1. This case was filed on March 5, 2024 (the "Petition Date") under Chapter 7 of

title 11 of the United States Code.

2. On April 17, 2024, the Court entered its *Order Granting Retention of Graves Dougherty Hearon & Moody, PC as Counsel for the Estate Pursuant to 11 U.S.C. §327(a)* [Dkt. No. 15] (the "Retention Order"). The Retention Order authorized the employment of Graves Dougherty as counsel to the Trustee in his capacity as chapter 7 trustee.

3. The Application covers the period from March 20, 2024, to October 16, 2023 (the "Application Period"). The professionals and paraprofessionals involved in the representation and their hourly rates of representation are listed below:

| *PROFESSIONAL* | *TITLE* | *HOURLY RATE* | *TOTAL HOURS* | *FEES* |
|---|---|---|---|---|
| Cumings, Brian T. | Attorney | $475 | 47.6 | $22,610.00 |
| Guerrero, Candice | Paralegal | $225 | 6.8 | $1,530.00 |
| Hayes, Jennifer | Paralegal | $225 | .8 | $180.00 |
| | **Totals** | **$440.58** | **55.2** | **$24,320.00** |

The Compensation Support Exhibit and the Reimbursement Support Exhibit required by Local Bankruptcy Rule 2016 are attached as **Exhibit 1**. A copy of the Retention Order is attached hereto as **Exhibit 2**. A copy of the Fee Application Summary is attached hereto as **Exhibit 3**.

4. The Trustee has reviewed and approved this Application. By the time this Application is approved, the Trustee anticipates having on hand $65,000.00 in settlement proceeds. The Trustee believes that there will be sufficient funds on hand to fully satisfy the fees and expenses requested herein as well as all present and anticipated chapter 7 obligations of the Estate. Furthermore, the Trustee anticipates that additional funds may come into the Estate as he pursues further litigation.

## II. Project Summary and Services Rendered

5. Graves Dougherty was hired for the purpose of serving as Counsel to assist the Trustee in prosecuting a chapter 5 cause of action, investigating other potential litigation claims,

and generally representing the Estate. Graves Dougherty has negotiated a settlement of a preferential transfer adversary for the sum of $65,000.00 (pending approval from the Court) and remains in the process of assisting the Trustee in investigating additional potential litigation claims.

**III. Expenses Incurred**

6. Graves Dougherty incurred and paid in advance out-of-pocket expenses in connection with its representation of the Trustee during the Application Period. Graves Dougherty maintained careful records of those expenditures and the expenses incurred are categorized in **Exhibit 1**. The expenses incurred totaled $471.84 during the Application Period.

7. Graves Dougherty has made every effort to minimize its disbursements in this case. The expenses incurred in the provision of professional services are necessary, reasonable, and justified under the circumstances to serve the needs of the Estate.

**IV. Legal Standard**

8. Section 330 of the Bankruptcy Code grants bankruptcy courts wide discretion to award "reasonable compensation" to attorneys employed by the estate. 11 U.S.C. § 330(a)(1)(A). In determining reasonable compensation, bankruptcy courts within the Fifth Circuit address the twelve factors promulgated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see also In re Pilgrim's Pride*, 690 F3d 650, 654-56 (5th Cir. 2012).

9. The *Johnson* factors weigh in favor of awarding Graves Dougherty full compensation for the fees and expenses that it incurred during the Application Period.

*10. Time and Labor Required.* The time entries included in **Exhibit 1** to this Application detail all the work Graves Dougherty performed and for which compensation is

sought. The date the services were rendered, the individual performing such services, a description of the services, and the time expended are all detailed. Graves Dougherty believes that such detail establishes that its request for compensation is reasonable. All the services specified were actual and necessary in order to comply with the Trustee's statutory duties.

11. *Novelty and Difficulty*. The posture of this case, including garden variety preferential transfer claim as well as complex business litigation make it one of mixed novelty and difficulty.

12. *Skill Required to Perform the Legal Servicse Properly*. Bankruptcy is a specialized area of federal practice, requiring knowledge of the Bankruptcy Code and relevant precedent.

13. *Preclusion of Other Employment*. Graves Dougherty's representation in this case did not preclude it from accepting other employment.

14. *Customary Fee*. The hourly rates for each Graves Dougherty timekeeper are disclosed above. Graves Dougherty respectfully submits that the professional fees sought herein are not unusual given the nature of this case and the time expended in attending to the representation of the Trustee and is commensurate with the fees Graves Dougherty has been awarded in other cases, as well as professional fees charged by other attorneys of comparable experience.

15. *Whether the Fee is Fixed or Contingent*. Pursuant to §§ 330 and 331 of the Bankruptcy Code, all of the fees sought in this Application are contingent pending final approval by this Court and are subject to adjustment depending upon the services rendered and the results obtained. Furthermore, this Estate had no cash at the time the Retention Order was entered and the ability to generate funds to pay Graves Dougherty was uncertain.

16. *Time Limitations Imposed by Client or Other Circumstances*. No particularly unusual time constraints existed for the matter.

17. *Amount Involved and Results Obtained*. Graves Dougherty submits that it has been obtaining and continues to efficiently obtain the desired results with respect to protecting the interests of the Estate. Among other things, it has helped the Trustee successfully fight settle a preferential transfer claim.

18. *Experience, Reputation, and Ability of the Attorneys*. Graves Dougherty attorneys have regularly appeared in significant representations over many years in Texas and national bankruptcy cases. Graves Dougherty attorneys have a substantial reputation in the legal community in bankruptcy and non-bankruptcy work.

19. *"Undesirability" of Case*. Due to the lack of cash in the Estate and the nature of the litigation claims to be investigated, this case was of a moderate to high level of undesirability.

20. *The Nature and Length of the Professional Relationship with the Client*. Graves Dougherty has represented John Patrick Lowe in his capacity as bankruptcy trustee in several other cases before this one.

21. *Awards in Similar Cases*. Based on Graves Dougherty's experience in the Texas market, Graves Dougherty's fees are in line with, if not below, fees allowed in proceedings of similar scope for the services rendered and the results obtained.

## V. Conclusion

22. The services that Graves Dougherty rendered during the Application Period were instrumental in making it possible for the Trustee to get closer to final administration of these Estate. Graves Dougherty respectfully requests that the Court, on an interim basis:

a) approve compensation for 55.2 hours of professional services furnished as counsel to the Trustee, in the total amount of $24,320.00 incurred during the Application Period;

b) approve reimbursement of actual out-of-pocket expenses during the Application Period in the total amount of $471.84 and

c) grant Graves Dougherty such other and further relief to which it may be entitled.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com
By: */s/ Brian T. Cumings*
Brian T. Cumings
State Bar No. 24082882
**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of October, 2024, I electronically filed this Application with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service and by U.S. First Class Mail to those listed below and the Notice to Creditors those on the current creditors matrix appended herewith.

Office of the United States Trustee
615 E. Houston St., Suite 533
San Antonio, TX 78295-1601

Animo Bancorp, Inc.
10777 Strait Lane
Dallas, TX 75229
*Debtor*

John Patrick Lowe, Chapter 7 Trustee
2402 East Main Street
Uvalde, TX 78801

Douglas J. Powell
Law Offices of Douglas J. Powell
1PO Box 340686
Lakeway, TX 78734
*Debtors' Counsel*

By: */s/ Brian T. Cumings*
Brian T. Cumings