**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 24-50359-cag** |
| **ANIMO BANCORP, INC.,** | § | |
| | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

# MOTION TO APPROVE SALE OF ASSETS AND FOR APPROVAL OF LITIGATION SHARING ARRANGEMENT

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, San Antonio Division, Hipolito F. Garcia Federal Building and United States Courthouse, 615 East Houston Street, Room 597, San Antonio, Texas 78205. If a timely response is filed, the Court will then set a hearing on the Application, and you will be provided with notice of the date, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Application.**

TO THE HONORABLE CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW John Patrick Lowe, Trustee ("Trustee"), the duly appointed and acting Chapter 7 trustee for the bankruptcy estate (the "Estate") in the above-captioned bankruptcy case (the "Bankruptcy Case"), and hereby files his *Motion to Approve Sale of Assets and for Approval of Litigation Sharing Arrangement* (the "Motion"), and would show the Court as follows:

## I. SUMMARY

1. The Estate has potential litigation claims, including chapter 5 causes of action and other litigation claims against various persons (the "Causes of Action") that are affiliated with Debtor, including multi-million dollar transfers made to or for the benefit of Debtor's principal

and sole owner. By this Motion, the Trustee seeks authority to enter into an arrangement whereby a third-party will pay the Estate $20,000.00 for the right to control, manage, prosecute, not prosecute and settle all unliquidated causes of action belonging to the Estate with the Estate retaining ownership of the causes of action and an interest in the proceeds from such litigation through a sharing arrangement. Settlement of any Litigation Claims will remain subject to this Court's oversight pursuant to Bankruptcy Rule 9019.

## II. JURISDICTION

2. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 363 (f), 364, and 507.

## III. BACKGROUND AND REQUEST FOR RELIEF

4. On March 5, 2024 (the "Petition Date"), this case was filed under Chapter 7 of title 11 of the United States Code.

5. Trustee is the duly appointed and serving chapter 7 trustee administering the bankruptcy estate (the "Estate") in the Bankruptcy Case.

6. Included in the Estate are any and all causes of action (the "Causes of Action") belonging to the Debtor. Among those are various causes of action relating to pre-Petition Date transfers of multiple millions of dollars made to or for the benefit of Debtor's principal, Toby Neugebauer (the "Neugebauer Transfers"). Toby Neugebauer is the only equity holder in Debtor.

7. The Trustee has investigated the Neugebauer Transfers. Debtor was unable to provide any documents illustrating that the Neugebauer Transfers were repayment of a prior loan. The Debtor was either insolvent at the time that they were made or was rendered insolvent by

virtue of those transfers.

8. It is the Trustee's understanding that Toby Neugebauer is a high net-worth individual who intends to spend substantial sums attempting to fight any effort to avoid and recover the Neugebauer Transfers, something which he has apparently already done in several bankruptcy cases that have been filed for entities owned by him and which runs contradictory to the advice to settle that he says his counsel gave him.

9. The claims bar date in the Bankruptcy Case was June 3, 2024. According to the Official Claims Register, which is incorporated herein by reference, the following seven claims have been filed (the seven claims, and no more, and only to the extent such claims are legitimate and valid, after any objections have been heard and resolved (the "Allowed Claims")):

| | | | |
|---|---|---|---|
| a. | Dallas County | allegedly secured | $11,099.58 |
| b. | Tennessee Dept. Rev. | unsecured | $2,048.35 |
| c. | Predictive Analytics Group, Inc. | unsecured | $252,655.00 |
| d. | Texas Comptroller | priority | $2,170.00 |
| e. | Birmingham Financial | unsecured | $35,065.59 |
| f. | Personetics Tech. | unsecured | $466,340.00 |
| g. | State of NJ | secured/priority | $5,085.09 |
| | | TOTAL | $1,280,248.16 |

10. If the Neugebauer Transfers were to be avoided as fraudulent transfers under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), it is possible that the full amount of the Neugebauer Transfers would be recovered. If, for instance, the Estate were to recover a net of $4 million, then some of those funds would presumably end up going back to equity as there are only

$1,280,248.16 in claims filed in this case.

11. The Trustee has liquidated a preference action through a settlement that has been approved by this Court [*see* Dkt. No. 21]. As a result of that settlement, the Trustee has some cash on hand, although not enough to fund pursuing additional Causes of Action at standard hourly attorney rates.[1]

12. The Trustee has considered retaining contingency fee counsel to pursue the Causes of Action, in particular those relating to the Neugebauer Transfers. However, through communicating with counsel for the chapter 7 trustee in the bankruptcy case for another entity that Toby Neugebauer put into bankruptcy, the Trustee became aware of another potential option.

13. Through his counsel, the Trustee contacted counsel for GloriFi Acquisitions, LLC ("GloriFi") to explore the possibility of a sharing arrangement that would enable the zealous pursuit of the Causes of Action at no upfront cost to the Estate. GloriFi has entered into similar sharing arrangements with the chapter 7 trustees for two other bankruptcy estates related to the business of the Debtor and that were under common control by Mr. Neugebauer. *See In re With Purpose, Inc.*, Case No. 23-30246, N.D. Tx. Bankr. [Docket No. 399]; and *In re Animo Services LLC*, Case No. 23-30035, N.D. Tx. Bankr. [Docket No. 94]. From the two other arrangements, GloriFi has developed a substantial knowledge base to aid in the prosecution of the Causes of Action, and based upon that knowledge base, and the causes of action asserted to date in the other two chapter 7 cases, the Trustee believes GloriFi is best able to maximize the value of the Causes of Action in this chapter 7 Bankruptcy Case.

14. After arm's length negotiations, the Trustee and GloriFi reached an agreement (the "Agreement") that provides for the following basic terms:

[1] For the avoidance of doubt, the proceeds from that settlement are not subject to the agreement contemplated in this Motion.

a. GloriFi's upfront purchase of the right to control, manage, prosecute, not prosecute and settle the Causes of Action from the Estate for $20,000.00, as more particularly set forth in the attached Agreement and accompanying Joint Prosecution Agreement;

b. GloriFi prosecutes the Causes of Action worth pursuing;

c. GloriFi pays for the prosecution of the Causes of Action;

d. Special Litigation Counsel will be retained, subject to approval from the Court, to pursue such Causes of Action as GloriFi deems worth pursuing, and Special Litigation Counsel will be paid from the recoveries from the Causes of Action;

e. Out of any recovery, GloriFi will receive a preferred recovery (the "Preferred Recovery") in the amount of $20,000.00, plus reimbursement of attorney's fees and expenses paid by GloriFi, plus interest.

f. From any remaining proceeds (the "Net Proceeds"), GloriFi and the Estate shall receive the following percentages:

| NET PROCEEDS | AGENT | ESTATE |
|---|---|---|
| Up to Preferred Recovery | 100% | 0% |
| First $200,000 above Preferred Recovery | 30% | 70% |
| Next $200,000 | 40% | 60% |
| Next $500,000 | 50% | 50% |
| Next $500,000 | 60% | 40% |
| Any further Net Proceeds until Estate receives funds sufficient to pay the Allowed Claims in full | 80% | 20% |
| Any Net Proceeds above and beyond those necessary to pay Allowed Claims in full | 100% | 0% |

15. A true and correct copy of the Agreement is attached hereto as **Exhibit 1**, which is incorporated herein for all purposes.

16. The Agreement would bring a modest sum of cash into the Estate immediately, which can potentially be available for distribution to creditors in the event that the pursuit of the Causes of Action is unsuccessful.

17. Section 363 of the Bankruptcy Code authorizes sales of property of bankruptcy estates including free and clear of all claims. 11 U.S.C. §§ 363(b) and (f). Section 364 of the Bankruptcy Code authorizes the Trustee to seek approval from this Court for obtaining credit or to incur debt in a manner that connects the credit and/or debt to a specific source of recovery. 11 U.S.C. § 364(c)(2) (authorizing the approval of obtaining credit or incurring debt secured by lien on property of the estate that is not otherwise subject to a lien).

18. Under the Agreement, GloriFi is to purchase the right to control, manage, prosecute, not prosecute and settle Causes of Action and pursue them for the benefit of itself and the Estate under the sharing arrangement. The Trustee submits that no creditor has a valid, perfected security interest or lien against the Causes of Action. Accordingly, the Trustee is entitled to transfer some or all of the Estate's interest in the Causes of Action free and clear pursuant to sections 363(b) and (f). Likewise, the Trustee's decision to permit GloriFi to fund the pursuit of the Causes of Action is warranted and meets the standards applicable to 364(c)(2).

19. Under the Agreement, the Trustee proposes that GloriFi be entitled to treatment under 11 U.S.C. § 507(a)(1)(C) for claim to reimbursement of reasonable and necessary fees and expenses actually paid by GloriFi to Special Litigation Counsel with respect to the Causes of Action. GloriFi shall have exclusive responsibility for any fees and expenses incurred by Special Litigation Counsel in pursuing the Causes of Action and shall have exclusive responsibility for ensuring that Special Litigation Counsel adequately segregates its fees and expenses.

20. The Trustee has considered various options available to him with respect to

pursuing the Causes of Action. It is his business judgment that the Agreement represents the highest and best offer available to the Estate with respect to monetizing the Causes of Action. Furthermore, the Agreement represents the safest option available to the Estate, one in which the Estate will receive additional funds immediately, not have to incur ongoing costs to pursue the Causes of Action, and yet still have potential for additional recovery in the event that GloriFi successfully resolves the Causes of Action.

## IV. PROPOSED RETENTION OF SPECIAL LITIGATION COUNSEL

21. Concurrently with the filing of this Motion, the Trustee is filing an application to employ Special Litigation Counsel.

WHEREFORE PREMISES CONSIDERED, John Patrick Lowe, Chapter 7 Trustee, prays that the relief requested herein be granted, and for other just relief.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com
ctrickey@gdhm.com

By:/s/ *Brian T. Cumings*
Brian T. Cumings
Tex. SBN 24082882
Christopher H. Trickey
Tex. SBN 17741500
**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

# CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served by the Court's ECF e-filing notification on all parties receiving such notices on March 19, 2025, as reflected below, and the Notice appended hereto is being served on the Service List appended hereto.

Office of the United States Trustee
615 E. Houston St., Suite 533
San Antonio, TX 78295-1601

John Patrick Lowe, Chapter 7 Trustee
2402 East Main Street
Uvalde, TX 78801

Animo Bancorp, Inc.
10777 Strait Lane
Dallas, TX 75229
*Debtor*

Douglas J. Powell
Law Offices of Douglas J. Powell
1PO Box 340686
Lakeway, TX 78734
*Debtors' Counsel*

By: */s/ Brian T. Cumings*
Brian T. Cumings