**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 24-50359-cag** |
| **ANIMO BANCORP, INC.,** | § | **Chapter 7** |
| **DEBTOR.** | § | |

**TRUSTEE'S APPLICATION TO EMPLOY**
**IACUONE McALLISTER POTTER PLLC AS SPECIAL COUNSEL**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, San Antonio Division, Hipolito F. Garcia Federal Building and United States Courthouse, 615 East Houston Street, Room 597, San Antonio, Texas 78205. If a timely response is filed, the Court will then set a hearing on the Application, and you will be provided with notice of the date, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Application.**

TO THE HONORABLE CRAIG A. CARGOTTA, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW John Patrick Lowe (the "Trustee"), the duly-appointed chapter 7 trustee for the estate (the "Estate") of Animo Bancorp, Inc. (the "Debtor"), the debtor in the above-styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and files this his *Application to Employ Iacuone McAllister Potter PLLC as Special Counsel* (the "Application"), respectfully stating as follows:

## I. JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. On March 5, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. The Trustee is the duly appointed Chapter 7 Trustee of the Estate.

3. The Court has jurisdiction over the Application and the relief requested herein under 28 U.S.C. §§ 157(b) and 1334. The Application presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O) because the employment of professionals concerns the administration of the Estate and affects the liquidation of assets of the Estate and the debtor-creditor relationship. Venue is likewise proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The Trustee requests the relief herein by right of section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the Western District of Texas.

## II. RELIEF REQUESTED

5. The Trustee seeks to retain, as of March 25, 2025, the law firm of Iacuone McAllister Potter PLLC ("IMcP"), as special counsel to the Estate, to investigate and pursue various claims and causes of action on behalf of the Trustee and the Estate pursuant to the terms of the *Agreement* (the "Agreement") and the *Joint Prosecution Agreement* (the "JPA", and collectively with the Agreement, the "Special Counsel Agreements") between the Parties. A copy of the Agreement is attached hereto as **Exhibit "A"**, and a copy of the JPA is attached hereto as **Exhibit "B"**. IMcP maintains an office for the practice of law at 4849 Greenville Avenue, Suite 1112, Dallas, Texas 75206, telephone: (214) 432-1536, e-mail at potter@imcplaw.com. It is in the best interest of the Estate that the Trustee employs IMcP as special counsel pursuant to the terms of the Special Counsel Agreements.

6. Section 327(e) of the Bankruptcy Code provides: "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in

conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

7. To obtain approval, the Trustee must state specific facts showing:

(A) the need for the employment;

(B) the name of the person to be employed;

(C) the reasons for the selection;

(D) the professional services to be rendered;

(E) any proposed arrangement for compensation; and

(F) to the best of the applicant's knowledge, all the person's connections with:

- the debtor;
- creditors;
- any other party in interest;
- their respective attorneys and accountants;
- the United States trustee; and
- any person employed in the United States trustee's office.

FED. R. BANKR. P. 2014(a). For the reasons stated below, IMcP meets all the requirements for retention under section 327(e) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

**A. <u>Need for Employment and Basis for Selection</u>**

12. As contemplated by the Agreement, the Agent[1] has selected IMcP as special litigation counsel, and in turn, the Trustee is filing this Application to retain IMcP further contemplated by the Agreement. IMcP was chosen because of the firm's substantial experience

[1] Capitalized terms shall have the meanings ascribed to such terms within the Agreement, unless otherwise specifically defined herein.

with complex commercial litigation involving fraud, breaches of fiduciary duty, and fraudulent transfers. IMcP has a combined several decades worth of experience with complicated litigation matters much like the Estate Causes of Action.

**B. Services to be Rendered**

13. IMcP intends to pursue and liquidate Estate Causes of Action, as that term is defined in the Agreement. IMcP will act according to the Agent's discretion under the Agreement, and in tandem with the Trustee to reach a resolution in each case.

**C. Compensation and Reimbursement**

14. IMcP's Disclosure of Compensation, under Section 329 of the Bankruptcy Code and Rule 2016(b) of the Bankruptcy Rules, is attached hereto as **Exhibit "C."** The Agent, as buyer, has paid the Trustee $20,000.00 and will fund all professional fees, costs, and expenses incurred by IMcP to investigate and pursue Estate Causes of Action. The Agent will be reimbursed out of the first Net Proceeds for the $20,000.00, advanced IMcP Fees, incurred Agent Expenses, plus 1% per month on the outstanding balance of all of the foregoing.[2]

15. IMcP has not agreed to share compensation received in this Bankruptcy Case with any other person or entity. IMcP has not received any promise as to compensation in connection with the Bankruptcy Case other than in accordance with the provisions of the Bankruptcy Code and as disclosed and described in the Agreement and herein.

**D. No Adverse Interest**

16. A party-in-interest holds an "interest adverse to the estate" where the party (1) possesses or asserts any economic interest that would tend to lessen the value of the estate or that would create an actual or potential dispute in which the estate is a rival claimant, or

---

[2] *See* Agreement,¶ 22.

(2) possesses a predisposition under the circumstances that indicate a bias against the estate. *In re W. Delta Oil Co.*, 432 F.3d 347, 356 (5th Cir. 2005). This test must "be employed with an eye to the specific facts of each case, and with attention to circumstances which may impair a professional's ability to offer impartial, disinterested advice to his or her client." *Id*.

17. Here, IMcP is the party-in-interest the Trustee seeks to employ. IMcP is not a creditor, equity holder, or insider of the Debtor. IMcP was not a director, officer, or employee of the Debtor. As set forth in the Declaration of Chase Potter (attached hereto as **Exhibit "D"**), IMcP does not hold an interest which would predispose IMcP against the Estate, or create an interest adverse to the Estate with respect to the matters for which IMcP is being employed.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests the entry of an order (i) granting the Application; (ii) authorizing the Trustee to employ IMcP, effective as of March 25, 2025, in accordance with the terms set forth in this Application; (iii) entering an order substantially in the same form as the one attached hereto; and (iv) granting the Trustee such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

By: */s/ Brian T. Cumings*________________
Brian T. Cumings

COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Application has been served by the Court's ECF e-filing notification on all parties receiving such notices on March 25, 2025, as reflected below, and to those on the Service List appended to this Application.

Office of the United States Trustee
615 E. Houston St., Suite 533
San Antonio, TX 78295-1601

John Patrick Lowe, Chapter 7 Trustee
2402 East Main Street
Uvalde, TX 78801

Animo Bancorp, Inc
10777 Strait Lane
Dallas, TX 75229
*Debtor*

Douglas J. Powell
Law Offices of Douglas J. Powell
1PO Box 340686
Lakeway, TX 78734
*Debtors' Counsel*

By: */s/ Brian T. Cumings*______________
Brian T. Cumings