EXH B

**JOINT PROSECUTION AGREEMENT**

This JOINT PROSECUTION AGREEMENT (this "Joint Prosecution Agreement"), dated as of March [•], 2025, is made between John Patrick Lowe, as the chapter 7 trustee of Animo Bancorp, Inc., a Texas corporation (the "Trustee"), and GloriFi Acquisitions, LLC, a Georgia Limited Liability Company (the "Agent").

**RECITALS**

A. WHEREAS, the Trustee and Agent have entered into that certain Agreement, executed as of March 18, 2025 (the "Agreement"), pursuant to which the Trustee and Agent have agreed to enter into this Joint Prosecution Agreement to prosecute the Estate Causes of Action. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

B. WHEREAS, the Agreement contemplates that prior to the Effective Date of the Agreement, the Trustee and Agent will enter into this Joint Prosecution Agreement to, among other things, pursue the Estate Causes of Action on behalf of and in the name of the Trustee and the Estate.

C. WHEREAS, the Agreement further contemplates that this Joint Prosecution Agreement shall provide for and account for costs incurred in the prosecution of the Estate Causes of Action borne by the Estate; and

THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**AGREEMENT**

1. The foregoing recitals are incorporated herein as if fully set forth herein.

2. This Joint Prosecution Agreement shall be effective on the Effective Date and shall have no force or effect whatsoever before the Effective Date.

3. The Trustee hereby appoints the Agent as the exclusive agent of the Trustee to investigate, commence, prosecute, manage public relations, settle, and liquidate each of the Estate Causes of Action, in each case, in the name of the Trustee; *provided, however*, that any settlements shall be subject to Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 and any applicable Local Rule. Major Decisions require the Trustee's approval, which approval shall not be unreasonably withheld. Major Decisions are limited to non-suiting, dismissing, or settling Estate Causes of Action, and the Agent shall at all times reasonably and timely consult with the Trustee with respect to material decisions regarding whether to prosecute Estate causes of action,

not to prosecute them, negotiations regarding the same, and all issues related to potentially settling, abandoning, or otherwise disposing of Estate causes of action.

4. Subject to the limitations of paragraph 3, the Agent is authorized to investigate, commence, prosecute, settle, and liquidate the Estate Causes of Action, or any portion thereof, in the sole discretion of Agent without further approval from Trustee or the Court, except as explicitly set forth in the Approval Order or the Agreement.

5. For the avoidance of doubt, nothing contained in this Joint Prosecution Agreement shall be construed to obligate the Agent to investigate, commence, prosecute settle, or liquidate any one of the Estate Causes of Action.

6. All proceeds derived from the investigation, commencement, prosecution, settlement, or liquidation of each of the Estate Causes of Action shall be payable and divided between the Estate and the Agent and paid consistent with the terms of the Agreement and Approval Order.

7. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; *provided, however*, that neither party hereto shall be permitted to assign its interest in this Joint Prosecution Agreement without the prior written consent of the other party.

8. This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of Texas, without regard to the laws of any other jurisdiction that might be applied because of the conflicts of laws principles of the State of Texas.

9. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.

*[The remainder of this page has been intentionally left blank.]*

IN WITNESS WHEREOF, the parties have executed this Joint Prosecution Agreement as of the date first written above.

JOHN PATRICK LOWE,
AS CHAPTER 7 TRUSTEE
OF ANIMO BANCORP, INC.

By: ____________________
Name: John Patrick Lowe
Title: Trustee

GLORIFI ACQUISITIONS, LLC

By:___________________________
Name: Richard L. Jackson
Title: CEO