**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § § | **Case No. 24-50359-cag** |
| **ANIMO BANCORP, INC.,** | § § § | **Chapter 7** |
| **DEBTOR.** | § § § | |

## DECLARATION OF CHASE J. POTTER

I, Chase J. Potter, hereby declare the following and hereby certify, under penalty of perjury under the laws of the United States and the State of Texas, that this Declaration is true and correct to the best of my knowledge and belief:

### I. INTRODUCTION

1. "My name is Chase J. Potter. I am more than twenty-one years of age and am competent and otherwise qualified to make this Declaration. I have personal knowledge of the matters stated herein and they are all true and correct to the best of my knowledge. To the extent any information disclosed herein requires amendment or modification on a later date, a supplemental declaration will be submitted to the Court reflecting the same.

2. I am licensed to practice law in the State of Texas and the Bankruptcy Court for the Western District of Texas. I am a managing member at Iacuone McAllister Potter PLLC ("Special Counsel").

3. I am executing this Declaration in support of the *Trustee's Application to Employ Iacuone McAllister Potter PLLC as Special Counsel* (the "Application"), filed by John Patrick Lowe (the "Trustee"), the duly-appointed chapter 7 trustee for the estate (the "Estate") of Animo

Bancorp, Inc. (the "Debtor"). Pursuant to the Application, and the Special Counsel Agreements,[1] the Trustee seeks to retain IMcP to pursue Estate Causes of Action.

4. I will be the principal attorney in charge of the IMcP's representation of the Trustee with respect to the Estate's claims. I and the other professionals who will be handling the representation are fully qualified to represent the Trustee with respect to the Estate's claims. To the best of my knowledge and belief, all factual assertions in the Application are true and correct.

5. My business office is located at: 4925 Greenville Avenue, Suite 1112, Dallas, Texas 75206. I can be reached by phone at (214) 432-1536 and by e-mail at potter@imcplaw.com.

## II. QUALIFICATIONS

6. IMcP has a combined several decades worth of experience in complex commercial litigation involving fraud, fraudulent transfers, and breaches of fiduciary duty. IMcP has handled cases similar to the Estate Causes of Action with excellent results. Subject to the Court's approval of the Application, IMcP is willing to serve as the Trustee's special counsel to pursue viable Estate Causes of Action.

## III. COMPENSATION AND REIMBURSEMENT

7. Subject to Court approval, IMcP has agreed to represent the Trustee under the compensation regime described in the Agreement and the Application. Specifically, as further outlined in the Application, the fees, costs, and expenses incurred by IMcP in pursuit of the litigation pursuant to the Special Counsel Agreements shall be paid from Net Proceeds.

8. In accordance with section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b), and as further disclosed in the *Disclosure of Compensation* accompanying the Application, I confirm that IMcP has neither shared nor agreed to share (a) any compensation it

[1] As that term is defined in the Application. All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms within the Application or the Agreement, as the case may be.

has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with IMcP, or (b) any compensation another person or party has received or may receive. IMcP has not received any promise as to compensation in connection with the Bankruptcy Case other than in accordance with the provisions of the Bankruptcy Code and as disclosed in the Agreement, the Application, and herein.

## IV. STATEMENT OF NO ADVERSE INTEREST

9. IMcP has reviewed its records to determine whether any potential connection, conflict of interest, or other interest exists between IMcP, the Debtor, the Estate, the Trustee, the Trustee's general counsel (Graves, Dougherty, Hearon & Moody, P.C.), or any other professional retained in the Bankruptcy Case. As of this writing, I do not believe any disqualifying interest exists. Moreover, I do not believe IMcP represents or holds any interest adverse to the Debtor or to the estate with respect to the matter on which IMcP is to be employed.

10. By way of disclosure, IMcP has the following limited connections to certain parties in interest:

a. **James Nicholas Ayers, Ayers Family Holdings, LLC, and the J. Nicholas Ayers 2021 Irrevocable Trust (collectively, the "Ayers Parties").** IMcP represents the Ayers Parties. The Ayers Parties (specifically, Ayers Family Holdings, LLC and the J. Nicholas Ayers 2021 Irrevocable Trust) invested in the Debtor's parent company, With Purpose, Inc.[2], and are therefore creditors of the WPI Estate. James Nicholas Ayers previously served on the WPI Debtor's board of directors. While these relationships are with the Debtor's parent company, and not the Debtor, I am nonetheless making this disclosure out of the abundance of caution due to the intertwined relationship between this Debtor and the WPI Debtor. That said, it is my belief and opinion, based on my personal knowledge, that IMcP's representation of the Ayers Parties does not create any interest adverse to the Debtor or to the estate with respect to the matter on which IMcP is to be employed.

b. **Jackson Investment Group LLC, Seven Talents, LLC, and Rhythmic Capital Fund II, LLC (collectively, the "Investor Plaintiffs").** During my prior employment at the Rogge Dunn Group, PC ("RDG"), I represented the

[2] Defined in the Agreement as the "WPI Debtor."

Investor Plaintiffs in relation to the state court litigation filed by the Investor Plaintiffs against Toby Neugebauer and Banzai Advisory Group, LLC (the "Seven Talents Lawsuit"). Mr. Neugebauer founded the WPI Debtor and had control of both that entity and the Debtor. RDG continues to represent the Investor Plaintiffs in the Seven Talents Lawsuit. IMcP does not represent the Investor Plaintiffs in the Seven Talents Lawsuit. IMcP represented Seven Talents, LLC ("Seven Talents") and Rhythmic Capital Fund II, LLC ("Rhythmic Capital") in responding to discovery requests served on Seven Talents and Rhythmic Capital in connection with a 9019 Motion and a Motion to Convert in the WPI Bankruptcy Case. IMcP also represented Seven Talents and Rhythmic Capital for the limited purpose of filing a joinder to the objection filed by Jackson Investment Group LLC to the Amended Motion to Convert filed in the WPI Bankruptcy Case. It is my belief and opinion, based on my personal knowledge, that the representation described herein of the Investor Plaintiffs does not create any interest adverse to the Debtor or to the estate with respect to the matter on which IMcP is to be employed. I am nonetheless making this disclosure out of the abundance of caution due to the intertwined relationship between this Debtor and the WPI Debtor.

c. **Keri Findley.** IMcP has represented Keri Findley in various matters (most of which are completely unrelated to the Debtor). Keri Findley previously served on the WPI Debtor's board of directors. It is my belief and opinion, based on my personal knowledge, that IMcP's representation of Keri Findley does not create any interest adverse to the Debtor or to the estate with respect to the matter on which IMcP is to be employed.

d. **Britt Amos.** IMcP previously represented Britt Amos for the limited purpose of responding to discovery requests served on Ms. Amos in connection with a 9019 Motion and a Motion to Convert filed in the WPI Bankruptcy Case. Ms. Amos previously served as the CHRO for the WPI Debtor. IMcP's limited representation of Ms. Amos has concluded. It is my belief and opinion, based on my personal knowledge, that IMcP's prior representation of Ms. Amos does not create any interest adverse to the Debtor or to the estate with respect to the matter on which IMcP is to be employed.

e. **GloriFi Acquisitions, LLC (the "Agent").** IMcP also represents the Agent for the purpose of pursuing certain causes of action of (i) the WPI Estate in the WPI Bankruptcy Case; and (ii) the Services Estate in the Services Bankruptcy Case. In both respective matters, IMcP is acting pursuant to the court-approved WPI Agreement and the Services Agreement. IMcP's representation of the Agent in these cases does not create any interest adverse to the Debtor or to the estate with respect to the matter on which IMcP is to be employed. This is because the *raison d'être* for IMcP's retention is to liquidate the similar Estate Causes of Action, which the Agent seeks to control by virtue of the Agreement. Thus, it is my belief and opinion, based on my personal knowledge, that IMcP's current representation of the Agent does not create any interest adverse to the Debtor or to the estate with respect to the matter on which IMcP is to be employed.

11. Based on the foregoing, I believe IMcP (i) does not hold or represent any interest adverse to the Debtor or to the estate with respect to the matters on which IMcP is to be employed, and (ii) is eligible to serve as IMcP for the Trustee under section 327(e) of the Bankruptcy Code.

12. I will supplement this Declaration if necessary, as more information becomes available."

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 25th day of March, 2025.

Chase J. Potter
Iacuone McAllister Potter PLLC, Managing Member