**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 15, 2025.**

**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 24-50359-cag** |
| **ANIMO BANCORP, INC.,** | § | |
| | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**ORDER ON MOTION TO APPROVE SALE OF ASSETS AND FOR APPROVAL OF LITIGATION SHARING ARRANGEMENT**

ON THIS DAY, the Court considered the *Motion to Approve Sale of Assets and for Approval of Litigation Sharing Arrangement* [Dkt. No. 25] (the "Motion"),[1] and the Court, being of the opinion that the Motion is well taken, and service was proper, will hereby GRANT and APPROVE the same.

**IT IS, THEREFORE, ORDERED**, that the Agreement is APPROVED and that it shall govern according to its terms, and that the Trustee is authorized and directed to immediately

[1] Capitalized terms not defined herein have the meaning given them in the Motion.

execute and deliver the Agreement and all related documents, and thereafter, is authorized without need for further order to implement, effective, and perform under the Agreement.

**IT IS, FURTHERMORE, ORDERED,** that the Agreement shall be effective only upon the payment of the $20,000.00 consideration under the Agreement to the Trustee.

**IT IS, FURTHERMORE, ORDERED**, that, as set forth in the Agreement, GloriFi shall at all times reasonably and timely consult with the Trustee with respect to material decisions, that are otherwise GloriFi's decisions under the Agreement, regarding whether to prosecute Estate Causes of Action, not to prosecute them, negotiations regarding the same, and all issues related to potentially settling, abandoning, or otherwise disposing of the Causes of Action.

**IT IS, FURTHERMORE, ORDERED** that GloriFi shall have all authority and agency over the Causes of Action as provided in the Agreement, and may appear and be heard in any court, and prosecute any Causes of Action, for and in the name of the Estate, subject to the Joint Prosecution Agreement, the Agreement, and all provisions of this Order applicable to the same.

**IT IS, FURTHERMORE, ORDERED**, that the $20,000.00 payment to the Trustee under the Agreement shall be free and clear, unencumbered funds and property of the Estate.

**IT IS, FURTHERMORE, ORDERED,** that the sale of the Estate's rights related to the Causes of Action, shall, pursuant to 11 U.S.C. §§ 363(b) and (f), be free and clear of all liens, claims, interests, and encumbrances of any kind or type, and the Trustee is authorized and directed to execute and deliver to GloriFi such documents and instruments as may be prepared by GloriFi and may be reasonably necessary or advisable to evidence such sale, and that liens, claims, interests, or encumbrances, if any, shall attach to the $20,000.00.

**IT IS, FURTHERMORE, ORDERED,** that the foregoing sale of property of the Estate shall be without warranty and on an "as is, where is" basis.

**IT IS, FURTHERMORE, ORDERED,** that effective as of the closing date for the Agreement, the sale and assignment of the rights related to the Causes of Action to GloriFi shall constitute a legal, valid, and effective transfer, and will vest GloriFi with all right, title, and interest of the Debtor's Estate in transferred rights to the Causes of Action, free and clear of all liens, claims, interests, and encumbrances of any kind or type pursuant to 11 U.S.C. §§ 363(b) and (f).

**IT IS, FURTHERMORE, ORDERED,** that any proceeds or recoveries that may be collected by GloriFi, including with respect to the payment of any Special Counsel's fees or expenses, shall be property of the Estate, subject to the rights of GloriFi thereto, and GloriFi shall account to the Trustee and the Estate for all such proceeds or recoveries.

**IT IS, FURTHERMORE, ORDERED,** that the Preference to be paid to GloriFi, is fair and reasonable, and is APPROVED without need for further application or order.

**IT IS, FURTHERMORE, ORDERED,** that, with respect to the expenses of GloriFi, the Court shall retain exclusive jurisdiction to determine any disputes regarding the same, and that any of the Trustee or GloriFi may seek one or more orders from this Court determining the same.

**IT IS, FURTHERMORE, ORDERED,** that, for purposes of investigation, prosecution, and potential recovery of the Causes of Action under the Agreement, the Trustee and GloriFi shall share attorney-client and attorney work-product privileges with the Special Counsel.

**IT IS, FURTHERMORE, ORDERED,** that GloriFi is not a successor to, alter ego of, or continuation of the Debtor under any theory of law or equity.

**IT IS, FURTHERMORE, ORDERED,** that GloriFi is not assuming, nor be deemed to have assumed, any liability or obligations of the Debtor or its Estate.

**IT IS, FURTHERMORE, ORDERED,** that GloriFi is a good-faith purchaser within the meaning of 11 U.S.C. § 363(m) and is entitled to the protection afforded thereby, and neither the

Trustee nor GloriFi have engaged in any conduct that would cause or permit the Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under 11 U.S.C. § 363(n), or that would prevent the application of 11 U.S.C. §§ 363(m) or 364(e).

**IT IS, FURTHERMORE, ORDERED** this Order is a final order and the fourteen-day stay provided in Fed. R. Bankr. P. 6004(h) or any other provisions staying this Order does not apply to this Order and the Trustee may close the sale immediately upon entry of this Order.

**IT IS, FURTHERMORE, ORDERED,** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

*Order Prepared by Counsel for Ch. 7 Trustee*

Brian T. Cumings
SBN 24082882
Graves Dougherty Hearon & Moody, P.C.
401 Congress Ave., Suite 2700
Austin, Texas 78701
512.480.5626
512.536.9926 (Fax)
Email: bcumings@gdhm.com