**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| ANIMO BANCORP, INC., | § | |
| | § | Case No. 24-50359-cag |
| Debtor. | § | |

**TRUSTEE'S MOTION TO APPROVE COMPENSATION**
**OF IACUONE MCALLISTER POTTER PLLC**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, San Antonio Division, Hipolito F. Garcia Federal Building and United States Courthouse, 615 East Houston Street, Room 597, San Antonio, Texas 78205. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

TO THE HONORABLE CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW John Patrick Lowe (the "Trustee"), the duly-appointed chapter 7 trustee for the estate (the "Estate") of Animo Bancorp, Inc. (the "Debtor"), the debtor in the above-styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and files his *Motion to Approve Compensation of Iacuone McAllister Potter PLLC* (the "Motion to Approve"), respectfully stating as follows:

## I. JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. The Debtor filed its voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on March 5, 2024 (the "Petition Date"), thereby initiating this Bankruptcy Case and creating the Estate.

2. The Trustee is the duly appointed chapter 7 trustee of the Estate.

3. The Court has jurisdiction over the Motion to Approve and the relief requested herein under 28 U.S.C. §§ 157(b) and 1334. The Motion to Approve presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O) because the compensation of professionals concerns the administration of the Estate and affects the liquidation of assets of the Estate and the debtor-creditor relationship. Venue is likewise proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The Trustee requests the relief herein by right of section 328(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Bankruptcy Rules of the Western District of Texas, and the approved litigation sharing arrangement [Dkt. No. 25-1, p. 1] (the "Litigation Sharing Arrangement,", which is incorporated herein by reference) between the Trustee and GloriFi Acquisitions, LLC (the "Agent").

## II. RELIEF REQUESTED

5. By Order entered on April 22, 2025 [Dkt. No. 28] (the "IMcP Retention Order"), the Court approved the Trustee's retention of the law firm of Iacuone McAllister Potter PLLC ("IMcP"), as counsel to the Estate. The Retention Order did not specify the compensation for IMcP. The Agent, the Trustee and IMcP (collectively, the "Parties") seek approval of a compensation structure for IMcP that is on a contingency-only basis. Under this compensation

arrangement, IMcP will be compensated for each demand, cause of action, claim, and/or lawsuit pursued by IMcP on behalf of the Estate solely on a contingency fee basis totaling forty percent (40%) of the gross recovery (the "Compensation"). The Agent has approved the Compensation.

6. With respect to any demand, cause of action, claim, and/or lawsuit pursued by IMcP on behalf of the Estate, all litigation expenses and costs incurred shall be paid from Net Proceeds pursuant to the terms of the Litigation Sharing Arrangement (and reimbursement of expenses and costs incurred by IMcP will be further guaranteed by the Agent).

7. With respect to any demand, cause of action, claim, and/or lawsuit pursued by IMcP on behalf of the Estate, the contingency fee percentage to which IMcP is entitled is based on the total recovery for each such demand, cause of action, claim, and/or lawsuit without any reduction for expenses/costs incurred, hourly fees paid, distributions to the Agent and/or creditors, or otherwise (*i.e.*, any and all contingency fees earned by IMcP will be paid to IMcP "off the top" of the gross recovery for each demand, cause of action, claim, and/or lawsuit pursued by IMcP on behalf of the Estate).

## III. FACTUAL BACKGROUND

8. On March 19, 2025, the Trustee filed his *Motion to Approve Sale of Assets and for Approval of Litigation Sharing Arrangement* (the "Sale Motion") [Dkt. No. 25]. The Sale Motion was part of the Trustee's ongoing efforts to monetize the Estate's causes of actions to gain solvency and make a distribution to creditors.

9. The Court subsequently approved the Sale Motion, the Litigation Sharing Arrangement, and the joint prosecution agreement [Dkt. No. 25-1, p. 17] (the "JPA"). [Dkt. No. 27].

10. The Litigation Sharing Arrangement contemplates Agent control over Estate causes of action in exchange for $20,000, and further contemplates sharing recoveries with the Estate:

> 17. Agent Sole Authority. Subject only to the Major Decisions described below, Agent shall have sole authority to prosecute, not prosecute, negotiate, settle or otherwise dispose or not dispose of the Estate Causes of Action. No other party shall be entitled to assert any Estate Causes of Action, as such sole authority over Estate Causes of Action is vested in the Agent.
>
> 21. Special Litigation Counsel; Other Estate Professionals. The Trustee shall timely file one or more applications (the "Employment App") in the Bankruptcy Court to employ special litigation counsel ("Special Counsel") to pursue the Estate Causes of Action, such Special Counsel selected by Agent. The Trustee shall employ further other professionals to provide services to the Estate as may be reasonably requested by the Agent or Special Counsel, as selected by the Agent, and all fees and expenses of such other professionals shall be paid in full by the Agent and included in "Agent Expenses" as defined below.

Ex. A ¶¶ 17, 21.

11. The Litigation Sharing Arrangement also provides for the payment of IMcP's fees by the Agent and gives the Agent the right to seek repayment of the same from "Net Proceeds."

> 25. Litigation Fee and Expenses. Fees, costs and expenses incurred by Special Counsel in pursuit of the litigation pursuant to the JPA shall be paid from Net Proceeds ("Special Counsel Fees"). Agent is permitted to advance Special Counsel Fees, and any such amounts advanced by Agent shall be reimbursed to Agent from the Net Proceeds. The Agent is not responsible for any fees and expenses incurred by the Trustee, which fees and expenses shall be paid by the Estate.
>
> 26. Agent Expenses. Fees, costs and expenses incurred by Agent with respect to the pursuit of the litigation pursuant to the JPA and the Bankruptcy Case shall be paid from Net Proceeds ("Agent Expenses").

Ex. A ¶¶ 25-26.

12. On March 25, 2025, the Trustee filed his *Application to Employ Iacuone McAllister Potter PLLC as Special Counsel*. [Dkt. No. 26].

13. On April 22, 2025, the Court entered the IMcP Retention Order approving the retention of IMcP as special counsel.

14. The Trustee files this Motion to Approve, which is limited solely to approving the compensation for IMcP, which was not specified in the IMcP Retention Order.

## IV. ARGUMENTS AND AUTHORITIES

15. The Trustee believes the Compensation is reasonable and in the best interests of the Estate and its creditors given that no hourly fees will be incurred and no fees will be paid to IMcP unless IMcP is successful in prosecuting demands, causes of action, claims, and/or lawsuits on behalf of the Estate.

16. IMcP will be compensated as provided for in the Litigation Sharing Arrangement and under the Compensation as set forth herein, which is a contingency fee totaling forty percent (40%) of the gross recovery on any demand, cause of action, claim, and/or lawsuit for which IMcP is representing the Trustee.

17. Under section 328(a) of the Bankruptcy Code, a trustee may employ a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

18. After analyzing the actual and possible demands, causes of action, claims, and/or lawsuits for which IMcP is currently, or will be, representing the Trustee, the Trustee and the Agent believe that the Compensation is reasonable and in the best interest of the Estate. By using solely a contingency fee basis for all matters handled by IMcP for the Trustee, Net Proceeds will not be used to pay or reimburse Special Counsel Fees for any matters handled by IMcP that did

not produce a recovery. IMcP will only receive Special Counsel Fees with respect to any specific matter it is handling for the Trustee if there is a recovery on that specific matter.

19. IMcP has not agreed to share compensation received in this Bankruptcy Case with any other person or entity. IMcP has not received any promise as to compensation in connection with the Bankruptcy Case other than in accordance with the provisions of the Bankruptcy Code and as disclosed and described in the Litigation Sharing Arrangement and herein.

20. Accordingly, the Trustee respectfully requests that the Court approve the Compensation.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests the entry of an order: (i) approving the compensation of IMcP at a forty percent (40%) contingency fee on gross recoveries for all matters handled by IMcP for the Trustee; (ii) entering an order substantially in the same form as the one attached hereto; and (iii) granting the Trustee such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON &
MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com
SBN 24082882

By: */s/ Brian T. Cumings*
Brian T. Cumings

COUNSEL FOR JOHN PATRICK LOWE,
CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Approve has been served by the Court's ECF e-filing notification on all parties receiving such notices on February 24, 2026, as reflected below, and to those on the Service List appended to this Motion.

Office of the United States Trustee
615 E. Houston St., Suite 533
San Antonio, TX 78295-1601

John Patrick Lowe, Chapter 7 Trustee
2402 East Main Street
Uvalde, TX 78801

Animo Bancorp, Inc
10777 Strait Lane
Dallas, TX 75229
*Debtor*

Douglas J. Powell
Law Offices of Douglas J. Powell
1PO Box 340686
Lakeway, TX 78734
*Debtors' Counsel*

By: *__/s/ Brian T. Cumings__*
Brian T. Cumings