**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 20, 2026.**

**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| ANIMO BANCORP, INC., | § | |
| | § | Case No. 24-50359-cag |
| Debtor. | § | |

**ORDER GRANTING**
**TRUSTEE'S MOTION TO APPROVE COMPENSATION**
**OF IACUONE MCALLISTER POTTER PLLC**

CAME ON FOR CONSIDERATION the *Trustee's Motion to Approve Compensation of Iacuone McAllister Potter PLLC* [Docket No. 35] (the "Motion to Approve"), filed by John Patrick Lowe (the "Trustee"), the duly-appointed chapter 7 trustee for the estate (the "Estate") of Animo Bancorp, Inc. (the "Debtor"), the debtor in the above-styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), by which the Trustee seeks to approve the compensation of Iacuone McAllister Potter PLLC ("IMcP") as special counsel to the Trustee pursuant to the approved Litigation Sharing Arrangement[1] between the Trustee and Agent.

---

[1] Terms not defined herein have the meaning ascribed to them in the Motion to Approve.

Finding that service and notice of the Motion to Approve was sufficient and appropriate, finding that the terms of compensation and reimbursement in the Motion to Approve and Litigation Sharing Arrangement are reasonable and appropriate, finding that no objections to the Motion to Approve were filed, and based upon the representations of counsel in the Motion to Approve, it is hereby:

ORDERED that the Motion to Approve is APPROVED; it is further

ORDERED that the compensation and reimbursement to be paid to IMcP set forth in the Motion to Approve and Litigation Sharing Arrangement are APPROVED pursuant to section 328(a) of the Bankruptcy Code and shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code; it is further

ORDERED that IMcP's contingency fees (as outlined and described in the Motion to Approve) will be paid to IMcP automatically upon recovery of amounts after successful prosecution and/or pursuit of any demand, cause of action, claim, and/or lawsuit on behalf of the Estate without the need for (i) any fee applications from IMcP with respect to the contingency fees, or (ii) further approval of the contingency fees from this Court; it is further

ORDERED that notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry; it is further

ORDERED that the Debtor, Trustee, and Estate are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order; and it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible regarding the interpretation and enforcement of this Order and the Litigation Sharing Arrangement.

# # #

*Order Prepared by Counsel for Ch. 7 Trustee*

Brian T. Cumings
SBN 24082882
Graves Dougherty Hearon & Moody, P.C.
401 Congress Ave., Suite 2700
Austin, Texas 78701
512.480.5626
512.536.9926 (Fax)
Email: bcumings@gdhm.com