**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| ANIMO BANCORP, INC. | § | |
| | § | Case No. 24-50359-alt |
| Debtor. | § | |

**THE CAPITAL MARKETS COMPANY, LLC'S JOINDER IN OBJECTION TO DEBTOR'S MOTION TO CONVERT BANKRUPTCY CASE TO CHAPTER 11**

**TO THE HONORABLE AUBREY L. THOMAS, UNITED STATES BANKRUPTCY JUDGE:**

The Capital Markets Company, LLC ("Capco"), a creditor and party in interest in the above-captioned Chapter 7 case, files this Joinder (the "Joinder") in the *Objection to Debtor's Motion to Convert Bankruptcy Case to Chapter 11 Pursuant to Section 706(a) of the Bankruptcy Code* [Dkt. No. 47] (the "Objection") filed by GloriFi Acquisitions, LLC (the "Agent"), through the Trustee's special counsel, opposing the *Motion to Convert Bankruptcy Case to Chapter 11 Pursuant to Section 706(a) of the Bankruptcy Code* [Dkt. No. 39] (the "Motion") filed by Animo Bancorp, Inc. (the "Debtor" or "Bancorp"). In support of this Joinder, Capco respectfully states as follows:

**JOINDER**

1. Capco is a creditor of the Debtor and a party in interest. Under 11 U.S.C. § 1109(b), a party in interest, "including . . . a creditor," "may raise and may appear and be heard on any issue" in the case. Capco holds a liquidated, final state-court judgment against the Debtor entered in *The Capital Markets Company, LLC v. Animo Bancorp, Inc. a/k/a GloriFi Financial*, No. DC-22-17307, 14th Judicial District, Dallas County, Texas, for $396,904.38 in contract damages, $72,098.50 in fees and expenses, and $19,736.53 in pre-judgment interest. *See* Objection ¶ 17 & nn.21–22.

2. Capco hereby joins in, adopts, and incorporates by reference the Objection in its entirety, together with all arguments, authorities, evidence, and relief requested therein, as though fully set forth herein. Capco supports the relief sought by the Agent and the Chapter 7 Trustee and, for the reasons stated in the Objection and the additional reasons set forth below, respectfully requests that the Court deny the Motion.

3. Capco does not repeat at length the grounds established in the Objection. In summary, the Objection demonstrates that: (a) Section 706(a) confers no absolute right to convert, and conversion may be denied for bad faith, abuse of process, or futility, *see* Objection ¶¶ 31–35; *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 372–76 (2007); *Jacobson v. Moser (In re Jacobsen)*, 609 F.3d 647, 660–61 (5th Cir. 2010); *In re Zamora-Quezada*, 622 B.R. 865, 877–78 (Bankr. S.D. Tex. 2017); (b) the estate sold its causes of action, including the fraudulent-transfer claims against the Neugebauers, to the Agent, free and clear, by a final order under 11 U.S.C. § 363(b) and (f), so the Debtor cannot deliver the dismissal its Motion promises and the Motion is an impermissible collateral attack on a final sale order, see Objection ¶¶ 7, 36–46; Dkt. Nos. 25, 25-1; *In re Shipley Garcia Enterps. Inc.*, 2014 WL 1329252, at *12 (Bankr. S.D. Tex. 2014); *In re Baudoin*, 981 F.2d 736, 740–44 (5th Cir. 1993); (c) there is no purpose permitted under Chapter 11, because the Debtor has no business, no revenue, and $203.00 in scheduled assets, *see* Objection ¶¶ 47–51; (d) the Motion is a litigation tactic whose sole beneficiaries are the Neugebauers, *see* Objection ¶¶ 52–54; *In re NLG, LLC*, No. 21-11269 (JKS), 2023 WL 2053920, at *10 (Bankr. D. Del. Feb. 16, 2023); and (e) upon conversion, cause to reconvert or dismiss would exist immediately under 11 U.S.C. § 1112(b), *see* Objection ¶¶ 55–66. Capco adopts each of these grounds.

## SUPPLEMENTAL OBJECTION

### I. Capco Is the Creditor the Neugebauers' Transfers Were Designed to Defeat

4. The Objection and the Trustee's Original Complaint establish that the $7,000,000 in Transfers, $3,500,000 to Toby Neugebauer and $3,500,000 to Melissa Neugebauer on November 30, 2022, were made just sixteen days after Capco demanded payment of $396,904.38 in unpaid invoices on November 14, 2022. *See* Objection ¶¶ 16–17 & nn.19–22. The Trustee alleges those Transfers were made with actual intent to hinder, delay, or defraud the Debtor's creditors, "including but not limited to Capco," which "was a creditor of the Debtor prior to the Transfers and remained a creditor of the Debtor on the Petition Date." *See* Trustee's Original Complaint, Adv. Dkt. No. 1, ¶¶ 50–57; Objection ¶ 38 & n.44. Capco is thus not a peripheral objector: it is the very creditor whose demand the insiders' asset-stripping was intended to evade. That history underscores why the estate's fraudulent-transfer action must remain with the independent Agent and Trustee, and why a conversion engineered to dismiss that action is an abuse of the bankruptcy process the Court should not permit. *See* Objection ¶¶ 52–54.

### II. The Motion's Promise of a "100%" Payout Is Illusory as to Capco

5. The Motion represents that "holders of allowed general unsecured claims will be offered a prompt cash distribution equal to one-hundred percent (100%) of their allowed claims." *See* Mot. ¶ 1; Objection ¶ 62 & n.48. As to Capco, that representation is illusory. As the Objection shows, Toby Neugebauer testified at deposition that he intends, upon conversion, to object to and attempt to eliminate creditor claims and to pay only himself and his wife. *See* Objection ¶¶ 62–66. With respect to Capco specifically, Neugebauer has testified that it is "absolutely" his view that Capco was not performing services for the Debtor and that Capco's proof of claim is based on

"perjury." *See* Objection ¶ 65 & n.53; citing Ex. 4 (Neugebauer Depo. Tr.) at 32:6–9, 33:19–21, 80:22–82:15.

6. The Debtor cannot, on the one hand, induce the Court to convert by promising Capco payment in full while, on the other, its principal and proposed fiduciary has sworn he will contest and seek to disallow Capco's claim. Capco holds a final, liquidated judgment; the "100%" premise on which the Motion rests does not survive the movant's own testimony.

## III. Conversion Would Strip Capco of Its Best and Independent Source of Recovery

7. Capco's realistic recovery depends on the estate's $7,000,000 fraudulent-transfer action proceeding to judgment under the control of an independent fiduciary. The Agent Agreement approved by this Court vests the Agent with "sole authority to prosecute, not prosecute, negotiate, settle or otherwise dispose or not dispose of the Estate Causes of Action," and provides that "[n]o other party shall be entitled to assert any Estate Causes of Action." *See* Objection ¶¶ 37–40; Dkt. No. 25-1 ¶¶ 17, 19–20; Dkt. No. 27. The Motion proposes exactly the result that the final Agent Order forecloses: it is expressly conditioned on "the resolution and dismissal of the Adversary Proceeding." *See* Mot. ¶ 25; Objection ¶¶ 36–40. Handing control of that litigation to the defendants, who fund the plan and who have testified they will pay no outside creditor they can dispute, would eliminate Capco's recovery, not secure it. *See* Objection ¶¶ 62–66.

## RESERVATION OF RIGHTS

8. Capco files this Joinder without waiver of, and expressly reserving, all of its rights, including the right to be heard and to present argument and evidence at any hearing on the Motion, to conduct discovery, to supplement this Joinder, to object to any proposed disclosure statement, plan, or debtor-in-possession financing, and to assert all rights with respect to its claim. Nothing

herein constitutes consent to any treatment of Capco's claim or to any release of the Neugebauers or any other party.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Objection, Capco respectfully requests that the Court Deny the Motion, and grant Capco such other and further relief as is just and proper.

**Dated:** September 21, 2026

Respectfully submitted,

**AKERMAN LLP**

By: */s/ David W. Parham*

David W. Parham, SBN: 15459500
Laura M. Taveras, SBN: 24127243
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
Email: david.parham@akerman.com
laura.taveras@akerman.com

*Counsel for The Capital Markets Company, LLC*

## CERTIFICATE OF SERVICE

I certify that on September 21, 2026, a true and correct copy of the foregoing Joinder was served on all parties receiving notice through the Court's CM/ECF system, including counsel for the Debtor, counsel for the Agent, the Chapter 7 Trustee, and the United States Trustee.

*/s/David W. Parham*
David W. Parham